## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND  (BALTIMORE)

CAROLYN JOHNSON,                                    CASE NO. 1:20-cv-00182-RDB
         Plaintiff,

vs.

AT&T SERVICES, INC.; TRANS UNION,
LLC; EQUIFAX INFORMATION
SERVICES, LLC; and EXPERIAN
INFORMATION SERVICES, INC.;
         Defendants.

## TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
## AND AFFIRMATIVE DEFENSES

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### PRELIMINARY STATEMENT

1.     This is an action for a consumer seeking actual, statutory damages, punitive damages, costs and attorney's fees brought pursuant to Fair Credit Reporting Act, 15 U.S.C. 1681 ("FCRA").

**ANSWER:**    Trans Union denies that it violated the FCRA (or any other law).  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

2.      Plaintiff Carolyn Johnson is a natural person who resides in Baltimore City and is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      AT&T provides residential internet and phone services to consumers.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

4.      TU is a credit reporting agency as defined by the FCRA at §1681a(f).

**ANSWER:**    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      EXP is a credit reporting agency as defined by the FCRA at §1681a(f).

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.      EQU is a credit reporting agency as defined by the FCRA at §1681a(f) [sic]

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL ALLEGATIONS

7.      In September 2019, Plaintiff requested her credit files from TU, EXP and EQU.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

8.      EXP and EQU refused to provide Plaintiff with her credit file.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9.      TU provided Plaintiff with her report.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10.     According to Plaintiff's TU credit report, AT&T obtained Plaintiff's credit report.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11.     AT&T's credit inquiry was considered a regular inquiry, or hard inquiry, which means it reduced Plaintiff's credit score and was observable by anyone that accessed her report.

**ANSWER:**   As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12.     Upon information and belief, AT&T obtained Plaintiff's credit report under the false pretenses that Plaintiff applied for service with AT&T.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

13.     Plaintiff did not apply for *any* service with AT&T.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

14.     Plaintiff had no business dealings, no communications and certainly did not provide AT&T with any authorization or permission to obtain her report.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

15.     Any representation from AT&T to TU that Plaintiff applied for service with AT&T or that Plaintiff authorized AT&T to pull her report was false.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

16.     Since Plaintiff had absolutely no communication, let alone an application for service with AT&T, it had actual knowledge that it did not have a permissible purpose to access Plaintiff's report for the purpose of processing a request for service.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

17.   Upon information and belief, as a matter of common practice, AT&T obtains consumer reports on consumers for processing credit applications even though the consumer did not apply for any services with AT&T.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

18.   AT&T's conduct is especially egregious in that the credit inquiry is a hard inquiry that reduced the Plaintiff's credit score.  Being that AT&T did not obtain Plaintiff's report to process a credit application, AT&T could have conducted a soft inquiry, i.e. promotion, and not have affected Plaintiff's report.  Although AT&T would have violated the FCRA for conducting an impermissible soft inquiry, the Plaintiff's credit score would not have been damaged.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

19.   Upon information and belief, as a matter of company policy, AT&T obtained consumer reports under the guise of processing a credit application when the true purpose was not permissible under the FCRA.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

20.    AT&T knew or should have known that its policy violated §1681b(f) of the FCRA, yet it adopted an objectively unreasonable interpretation of §1681b(f).  In doing so, AT&T willfully violated the FCRA.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

21.    For its part, TU failed to confirm AT&T had legitimate, permissible purpose under the FCRA for obtaining Plaintiff's credit report.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

22.    Upon information and belief, although the FCRA requires a credit reporting agency, such as TU, to verify the purpose of subscriber each time a subscriber requests a credit report, TU does not verify the subscriber's purpose before each inquiry.

**ANSWER:**   Trans Union states that the FCRA speaks for itself.  Trans Union denies the remaining allegations of this paragraph.

23.    At most, TU, requires the subscriber to make a *one-time* blanket certification that the subscriber will purportedly only obtain a credit report for a permissible purpose.

**ANSWER:**   As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union denies the remaining allegations of this paragraph.

24.   A blanket certification is not a reasonable procedure to certify that a subscriber is obtaining a report for [sic] to process an application, because a blanket certification cannot catch, prevent or properly guard against a false representation to obtain a report.

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law).  Trans Union denies the remaining allegations of this paragraph.

25.   TU has no procedures or fails to employ procedures to assure that a subscriber is actually requesting a consumer report for the purposes provided by the subscriber, and in instances of hard inquiry, the subscriber does not certify that it has received and/or is in possession of an application from the consumer or received authorization from the consumer.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

26.   A subscriber should be required to specifically state the form of authorization (i.e. application, etc.) given by the Plaintiff.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

27.     Upon information and belief, TU's records indicate that AT&T is prone to request credit reports for illegal purposes, or TU does not keep good records of illegal or unauthorized credit pulls and thus TU does not have an accurate record or portrayal of the reliability of its subscribers requesting consumers' reports.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

28.     Either TU knows or should know - if it kept reasonable records - that its subscribers often do not have a permissible purpose, or that it cannot not rely on its [sic] subscribers general averment that they are/were requesting reports for permissible purposes.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

29.     TU needs to develop stricter procedures for subscribers seeking to obtain a consumer report, but it avoids adopting such procedures because TU would lose business revenue and would increase its business costs, both of which would decrease TU's profits.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

30.     Consequently, TU devotes too few resources to reviewing subscribers' applications, certifications or requests for consumer's credit reports, which run an unjustifiable risk of it violating consumer's privacy rights protected by the FCRA.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

31.     Upon information and belief, TU has received complaints from other consumers regarding subscribers, including but not limited to AT&T, for obtaining reports under false pretenses.  After a reasonable time to conduct discovery, Plaintiff believes she can prove that TU has received hundreds, if not thousands, of disputes/complaints from consumers like Plaintiff, complaining of the same conduct as

alleged in this complaint, with respect to TU's practice of releasing a consumer's credit reports. [sic] without proper authority to do so.

**ANSWER:**    As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union denies the allegation that Trans Union releases "a consumer's credit reports. [sic] without proper authority to do so."

### COUNT ONE: VIOLATIONS OF 15 U.S.C. §1681b(f)

32.    Plaintiff incorporates the previous allegations above as if set forth herein in full.

**ANSWER:**    Trans Union reasserts its answers and responses set forth herein.

33.    Defendant AT&T violated §1681b(f) of the FCRA as to the Plaintiff by obtaining her consumer report for an application of credit when Plaintiff did not apply for credit or otherwise authorize AT&T to access her credit report.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34.    Defendant AT&T's intrusion was either intentional, or it cared so little about its duties under the FCRA that AT&T's conduct was carried out with reckless disregard, which gives rise to a willful violation pursuant to 15 U.S.C. § 1681n.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35.     As a result of Defendant AT&T's violations of 15 U.S.C. §1681b, Plaintiff suffered actual damages, including but not limited to: pecuniary costs, reduced credit score (AT&T), mental anguish and emotional distress from the invasion of her privacy and the worry of possible future unauthorized inquiries into her personal information.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36.     The violations by Defendant A&T was willful, rendering AT&T liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, AT&T was negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37.     Accordingly, Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### <u>COUNT ONE: VIOLATIONS OF 15 U.S.C. §1681g(a)</u>

38.     Plaintiff incorporates paragraphs 1 through 31 [sic].

**ANSWER:**    Trans Union reasserts its answers and responses set forth herein.

39.     Defendant EXP violated 15 U.S.C. § 1681g(a) by failing to furnish Plaintiff's credit file after receiving Plaintiff's request for her file.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40.     Defendant EQU violated 15 U.S.C. § 1681g(a) by failing to furnish Plaintiff's credit file after receiving Plaintiff's request for her file.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41.     Plaintiff became anxious and frustrated due to Defendants' failure to furnish the credit information she requested.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42.     As a result of Defendants' violation, Plaintiff suffered actual damages, including but not limited to: anxiety, frustration and other mental or emotional distress.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

43.     Defendants' violations were willful, rendering Defendants EXP and EQU liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

44.     Plaintiff is entitled to recover actual damages, statutory and punitive damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### <u>COUNT THREE [sic]: VIOLATION OF 15 U.S.C. §1681e(a)</u>

45.     Plaintiff incorporates paragraphs 1 through 31 [sic].

**ANSWER:**     Trans Union reasserts its answers and responses set forth herein.

46.     TU violated 15 U.S.C. § 1681e(a) by failing to maintain reasonable procedures designed to avoid furnishing Plaintiff's credit report to AT&T for an impermissible purpose.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

47.     As a consequence of Defendant TU's violation, Plaintiff suffered actual damages, including but not limited to: anxiety, frustration and other mental or emotional distress.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

48.     The violation by TU was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

49.     Plaintiff is entitled to recover actual damages, statutory and punitive damages, costs and attorney's fees from Defendant TU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

## TRIAL BY JURY IS DEMANDED

50.     Plaintiff demands a trial by jury of any and all issues triable in this action.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks a judgment against the Defendants for actual and/or statutory damages and punitive damages; [sic] and for attorneys' fees and costs, and such other specific or general relief the Court does find just and appropriate.

**ANSWER:**     Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.     Trans Union's reports concerning Plaintiff were true or substantially true.

3.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

6.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

7.      Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

8.      Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

9.      Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

10.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

11.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

12.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*/s/ Robert J. Schuckit*
Robert J. Schuckit, Esq. (MD Federal Bar #14125)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the

**25th day of March, 2021**.  Notice of this filing will be sent to the following parties by operation of the

Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Jeffrey W. Styles, Esq.<br>jstyles@washlegal.com | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following

parties via First Class, U.S. Mail, postage prepaid, on the **25th day of March, 2021** properly addressed as

follows:

| None. | |
|---|---|

*/s/ Robert J. Schuckit*
Robert J. Schuckit, Esq. (MD Federal Bar #14125)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Defendant Trans Union LLC*